UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 MAR -7  P 3: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

RIZZARI CONSTRUCTION,

Plaintiff,

v.

GRANITE INDUSTRIAL GASES, INC., AND TODD MILLER,

Defendants.

Civil Action No.: 05-10434-GAO

MAGISTRATE JUDGE Alexander

RECEIPT # 62577
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 3/8/05

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the United States District Court for the District of Massachusetts:

1. The Petitioners, Granite Industrial Gases, Inc. and Todd Miller, respectfully show that they are named defendants, as captioned above, in an action brought by the Plaintiff, Rizzari Construction, which is now pending in the Lowell Superior Court, Middlesex County, Massachusetts, Civil Action No. 05-0524-L.

2. The above-named civil action pending in the Lowell Superior Court was filed on or about February 14, 2005, and the Summons and Complaint were served on February 22, 2005. Attached as Exhibit A is a copy of the Sheriff's return of service dated February 22, 2005.

3. Upon information and belief, no further proceedings have been had in Civil Action No. 05-0524-L, and the time of Petitioners within which to file a notice of removal has not expired.

4. <u>Jurisdiction</u>. Based on the allegations contained in the Complaint, which is attached hereto as Exhibit B, the state court action is a civil suit which may be removed to this Court by the Petitioners pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). The Plaintiff in the state

{\\A0086740.1}

court action is a resident of Massachusetts, and the Defendants are a New Hampshire resident (Todd Miller), and a New Hampshire corporation with a principle place of business in New Hampshire (Granite Industrial Gases, Inc.). The amount in controversy is $101,450.00. Therefore, the requirements for diversity under 28 U.S.C. § 1332(a) are satisfied and removal is proper pursuant to 28 U.S.C. § 1441(a).

5. <u>Venue</u>. Petitioners desire to remove this action pursuant to 28 U.S.C. § 1446(a), to the United States District Court for the District of Massachusetts because it is the district in which the action is now pending.

6. After the filing of this Notice of Removal in the United States District Court for the District of Massachusetts, (a) written notice of the filing of this Notice will be given by the attorneys for the Petitioners to the attorney for the Plaintiff as provided by law, (b) a certified copy of this Notice will be filed with the Clerk of the Lowell Superior Court, Middlesex County, and (c) certified copies of all pleadings on file in said Lowell Superior Court, Middlesex County, Civil Action No. 05-0524-L, will be filed with this Court.

7. The Petitioners have a good and sufficient defense to the Plaintiff's claims in this action.

8. No previous application for removal has been made to this or any other Court with respect to this action.

WHEREFORE, Petitioners Granite Industrial Gases, Inc. and Todd Miller pray that this action be removed from the Lowell Superior Court, Middlesex County, to the United States District Court for the District of Massachusetts.

                GRANITE INDUSTRIAL GASES, INC.,
                and TODD MILLER,

                By their attorneys,

                _____
                Mark J. Sampson, BBO # 552808
                E-mail: msampson@devinemillimet.com
                Timothy E. Bray, BBO # 652398
                E-mail: tbray@devinemillimet.com
                DEVINE, MILLIMET & BRANCH, PA
                300 Brickstone Square, 9th Floor
                P.O. Box 39
                Andover, MA 01810
                (978) 475-9100

## **CERTIFICATE OF SERVICE**

I, Timothy E. Bray, hereby certify that a true copy of this document was served upon the attorney of record for each party by United States First Class Mail on March 4, 2005.

                _____
                Timothy E. Bray

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rizzari Construction

**(b)** County of Residence of First Listed Plaintiff  **Middlesex County**
(EXCEPT IN U.S. PLAINTIFF CASES) Massachusetts

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard P. Heartquist, Esq.
200 Sutton St, #244, No. Andover, MA 01845

## DEFENDANTS
Granite Industrial Gases, Inc.
Todd Miller

County of Residence of First Listed Defendant **Rockingham County,**
(IN U.S. PLAINTIFF CASES ONLY) New Hampshire
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Mark J. Sampson, BBO#552808
Timothy E. Bray, BBO#652398
Devine, Millimet & Branch, PA, PO Box 39,
300 Brickstone Square, 9th Flr, Andover, MA 01810

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability |  / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332(a) and 1446(a)
Brief description of cause:
Removal of construction contract dispute

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 3/4/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Rizzari Construction v. Granite Industrial Gases, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    - [ ] V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]  NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]  NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]  NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [X]  NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?

    Eastern Division [X]    Central Division [ ]    Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]  NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Timothy E. Bray, Esquire__
ADDRESS __Devine, Millimet & Branch, PA, 300 Brickstone Sq, 9th Flr, PO Box 39, Andover, MA__
TELEPHONE NO. __978-475-9150__                                                                01810

(CategoryForm.wpd - 2/15/05)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-0524L

Rizzari Construction , Plaintiff(s)

v.

Granite Industrial Gases, Inc. and
Todd Miller , Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Richard P. Heartquist plaintiff's attorney, whose address is 200 Sutton Street #244 North Andover, MA 01845, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Middlesex Superior Court either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Barbara J. Rouse, Esquire, at

the .................... day of ....................

...................., in the year of our Lord ....................

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
20.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................

Dated: ..................................................................................................

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( .................................................. )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. ................

................, Plff.

v.

................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Rizzari Construction | Granite Industrial Gases, Inc. Todd Miller |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Richard Heartquist 200 Sutton Street #244 North Andover, MA 01845 Board of Bar Overseers number: BBO#564451 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A12 | Construction Dispute | ( A ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $.........
  2. Total Doctor expenses .................................................. $.........
  3. Total chiropractic expenses ............................................ $.........
  4. Total physical therapy expenses ........................................ $.........
  5. Total other expenses (describe) ........................................ $.........
       Subtotal $.........
B. Documented lost wages and compensation to date .......................... $.........
C. Documented property damages to date ...................................... $.........
D. Reasonably anticipated future medical and hospital expenses .............. $.........
E. Reasonably anticipated lost wages ........................N/A............. $.........
F. Other documented items of damages (describe)
       $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

       $.........
       TOTAL $.........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff brings this civil action for defendant's failure to pay plaintiff for construction and electrical work provided on or about 11/01. Plaintiff asserts the following claims: breach of contract, quantum meruit fraud/deceit, G.L. c. 93A violations and unjust enrichment.      TOTAL $101,450.00...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 2/8/05

FROM : GRANITE INDUSTRIAL GASES         PHONE NO. : 603 537 0259         Feb. 28 2005 11:11AM P2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS          SUPERIOR COURT DEPARTMENT
                       LOWELL DIVISION
                       DOCKET #:

RIZZARI CONSTRUCTION,          )
                   Plaintiff   )
v.                             )          COMPLAINT
                               )
GRANITE INDUSTRIAL GASES       )
INC., and TODD MILLER,         )
individually                   )
                  Defendantss  )

## INTRODUCTION

Plaintiff brings this civil action for Defendants's failure to pay Plaintiff contractor for construction, installation of heating and sprinkler system, and electrical work provided on or about November 2001. The outstanding cost is $101,450.00, plus interest, costs, and attorney's fees. Plaintiff asserts the following claims: Breach of Contract, Quantum Meruit, Fraud/Deceit, G.L. c. 93A Violations and Unjust Enrichment.

## PARTIES

1. The Plaintiff, Rizzari Construction owned and operated by Michael Rizzari, is a sole proprietorship, whose address at relevant times was 142 Methuen Street, Lowell, MA 01850.

2. The Defendants, Granite Industrial Gases Inc., is upon information and belief, a duly organized New Hampshire corporation whose address is 49 North High Street, Derry, NH 03038.

3. The Defendants, Todd Miller, is upon information and belief an individual person, whose only known address is 49 North High Street, Derry, NH 03038.

## FACTS

4. On September 10, 2001 Defendantss enlisted the services of Plaintiff for construction and installation of heating and sprinkler system.

5. On September 10, 2001 Plaintiff quoted Defendantss $101,450.00 for completion of work as follows: relocate support findings $1,550.00, electrical work $48,300.00, heating system $13,600.00, sprinkler system $38,000.00.

6. The agreed payments made by Defendants to Plaintiff for work completed were scheduled as follows: $33,000.00 upon commencement of work, $33,000.00 upon completion of column and electrical work, and $35,800.00 upon receipt of occupancy permit.

7. On November 15, 2001, Todd Miller, executed a contract accepting Plaintiff's quote, work description, and payment schedule.

8. On or about May 1, 2002 the work was completed in a professional and workmanlike manner and Defendants acknowledged its satisfactory completion.

9. The previously agreed fee of $101,450.00 is past due.

10. No payments have been made on the balance. Granite has refused all demands for payment on the outstanding balance.

## COUNT I
(Breach of Contract)

11. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-10 above.

21. The Defendants requested that the Plaintiff provided said services, and was aware that said services were being provided in return for their fair market value and not gratuitously.

22. The Plaintiff provided estimates of the value of the work which was eventually performed. The Defendants accepted those estimates.

23. At the time the work was done, all parties intended to create a contract for services.

24. At the time the work was done, all parties had the apparent and actual authority to contract on behalf of their respective companies.

25. As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interests, costs, and attorney's fees.

### COUNT III
(Deceit/Fraud)

26. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-25 above.

27. The Defendants falsely stated to the Plaintiff that the Defendants would compensate the Plaintiff for construction, electrical work, and installation of heating and sprinkler systems.

28. The Defendants had knowledge of the falsity of its statement or have acted with reckless indifference to the truth.

29. The Defendants intended to induce the Plaintiff's reliance on the misrepresentation.

30. The Plaintiff's reliance on the Defendants' misrepresentation was justifiable as it was in the normal course of business, and the Defendants acknowledged the bill signing the offer sheet.

31. As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interest, costs, and attorney's fees.

COUNT IV
(Chapter 93A §§ 2 and 11)

32. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-31 above.

33. The Defendants has engaged in unfair and deceptive acts and practices in conducting its business, to wit, the Defendants enlisted the Plaintiff to provide construction, electrical work, and installation of a heating and sprinkler system to its business without intending to pay for the full value of those services.

34. The Defendants' failure to pay is willing and with knowledge.

35. As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interest, costs, attorney's fees which amount should be tripled for the Defendants' egregious violation of G.L. c. 93A §§ 2 and 11 to $304,350.00 (Three Hundred Four Thousand, Three Hundred Fifty Dollars).

## COUNT V
### (Equity/Unjust Enrichment)

36. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-35 above.

37. The Plaintiff provided $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) worth of construction, electrical work, and installation of a heater and sprinkler system to the Defendants.

38. The Defendants requested that the Plaintiff provide said services, and were aware that said services were being provided in return for fair market value and not gratuitously.

39. The Plaintiff provided estimates of the value of the work which was eventually performed. Those estimates were accepted by the Defendants pursuant to their signature offer sheet.

40. At the time the work was done, all parties intended to create a contract for services.

41. At the time the work was done, all parties had the apparent and actual authority to contract on behalf of their respective companies.

42. The Defendants would be unjustly enriched if they were not required to compensate the Plaintiff for its services.

43. As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interest, costs, and attorney's fees.

WHEREFORE, THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

(1) Award on Count I, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(2) Award on Count I, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(3) Award on Count II, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(4) Award on Count II, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(5) Award on Count III, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(6) Award on Count III, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(7) Award on Count IV, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) with said amount to be trebled to for an additional $202,900.00 (Two Hundred Two Thousand Nine Hundred Dollars) plus interest, costs, and attorney's fees.

(8) Award on Count IV, judgment to Rizzari Construction and against Todd Miller in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) with said amount to be trebled to for an additional $202,900.00 (Two Hundred Two Thousand Nine Hundred Dollars) plus interest, costs, and attorney's fees.

(9) Award on Count V, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(10) Award on Count V, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(11) Award such other and further relief to Rizzari Construction as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues properly triable to a jury.

Rizzari Construction,
By its attorney,

*(signature)*

Richard P. Heartquist
200 Sutton Street
Suite #244
North Andover, MA 01845
(978) 687-6664
BBO#