

# DEVINE MILLIMET

ATTORNEYS AT LAW



FILED
CLERKS OFFICE

2005 MAR 18 P 12: 09

U.S. DISTRICT COURT
DISTRICT OF MASS

**TIMOTHY E. BRAY**
TBRAY@DEVINEMILLIMET.COM

March 16, 2005

Sarah A. Thornton, Clerk of Court
United States District Court
 District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

**Re:    Rizzari Construction v. Granite Indus. Gases, Inc., et al**
**USDC-MA, Civil Action No. 1:05-cv-10434-GAO**

Dear Clerk Thornton:

Enclosed please find the certified docket of the Lowell Superior Court pursuant to the Removal of this action under 28 U.S.C. § 1446(a).

Thank you for your attention to this matter.

Sincerely,

Timothy E. Bray

Enclosure(s)

cc:    Richard P. Heartquist, Esq. (w/ encl.)
       Todd Miller (w/ encl.)

{16249\73209\A0087708.1}

DEVINE, MILLIMET
& BRANCH
PROFESSIONAL
ASSOCIATION

300 BRICKSTONE SQUARE
PO BOX 39
ANDOVER
MASSACHUSETTS  01810

T 978.475.9100
F 978.470.0618
DEVINEMILLIMET.COM

MANCHESTER, NH
ANDOVER, MA
CONCORD, NH
NORTH HAMPTON, NH

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

FILED
CLERKS OFFICE

2005 MAR 18 P 12: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

**I, Michael Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2005-00524** entered in the Superior Court on **02/14/2005.**

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said Lowell this 15th day of March, in the year of our Lord 2005



Assistant Clerk of the Courts

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -7 P 3: 2b

U.S. DISTRICT COURT
DISTRICT OF MASS.

05 CV 10434 GAO

2005-0524

RIZZARI CONSTRUCTION,

Plaintiff,

v.

GRANITE INDUSTRIAL GASES,
INC., AND TODD MILLER,

Defendants.

Civil Action No.

I hereby certify on 3|8|05 that the
foregoing document is true and correct copy of the
electronic docket in the captioned case
electronically filed original filed on
original filed in my office on ___3|X|05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the United States District Court for the District of Massachusetts:

1. The Petitioners, Granite Industrial Gases, Inc. and Todd Miller, respectfully show that they are named defendants, as captioned above, in an action brought by the Plaintiff, Rizzari Construction, which is now pending in the Lowell Superior Court, Middlesex County, Massachusetts, Civil Action No. 05-0524-L.

2. The above-named civil action pending in the Lowell Superior Court was filed on or about February 14, 2005, and the Summons and Complaint were served on February 22, 2005. Attached as Exhibit A is a copy of the Sheriff's return of service dated February 22, 2005.

3. Upon information and belief, no further proceedings have been had in Civil Action No. 05-0524-L, and the time of Petitioners within which to file a notice of removal has not expired.

4. <u>Jurisdiction</u>. Based on the allegations contained in the Complaint, which is attached hereto as Exhibit B, the state court action is a civil suit which may be removed to this Court by the Petitioners pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). The Plaintiff in the state

court action is a resident of Massachusetts, and the Defendants are a New Hampshire resident (Todd Miller), and a New Hampshire corporation with a principle place of business in New Hampshire (Granite Industrial Gases, Inc.). The amount in controversy is $101,450.00. Therefore, the requirements for diversity under 28 U.S.C. § 1332(a) are satisfied and removal is proper pursuant to 28 U.S.C. § 1441(a).

5.      Venue. Petitioners desire to remove this action pursuant to 28 U.S.C. § 1446(a), to the United States District Court for the District of Massachusetts because it is the district in which the action is now pending.

6.      After the filing of this Notice of Removal in the United States District Court for the District of Massachusetts, (a) written notice of the filing of this Notice will be given by the attorneys for the Petitioners to the attorney for the Plaintiff as provided by law, (b) a certified copy of this Notice will be filed with the Clerk of the Lowell Superior Court, Middlesex County, and (c) certified copies of all pleadings on file in said Lowell Superior Court, Middlesex County, Civil Action No. 05-0524-L, will be filed with this Court.

7.      The Petitioners have a good and sufficient defense to the Plaintiff's claims in this action.

8.      No previous application for removal has been made to this or any other Court with respect to this action.

WHEREFORE, Petitioners Granite Industrial Gases, Inc. and Todd Miller pray that this action be removed from the Lowell Superior Court, Middlesex County, to the United States District Court for the District of Massachusetts.

GRANITE INDUSTRIAL GASES, INC.,
and TODD MILLER,

By their attorneys,

Mark J. Sampson, BBO # 552808
E-mail: msampson@devinemillimet.com
Timothy E. Bray, BBO # 652398
E-mail: tbray@devinemillimet.com
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100

## CERTIFICATE OF SERVICE

I, Timothy E. Bray, hereby certify that a true copy of this document was served upon the attorney of record for each party by United States First Class Mail on March 4, 2005.

Timothy E. Bray

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

............. MIDDLESEX ............. , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  05-0524L

Rizzari Construction
................................................ , Plaintiff(s)

v.

Granite Industrial Gases, Inc. and
Todd Miller........................... , Defendant(s)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 02 2005

Edward J. Sullivan
CLERK

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ... Richard P. Heartquist
.................................................. plaintiff's attorney, whose address is      200 Sutton Street
#244 North Andover, MA 01845
............................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...Middlesex.............
Superior Court
.................................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ........................................................................

the ..................................................... day of ...........................................................

...................., in the year of our Lord ....................................... .

Edward J. Sullivan
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

## Rockingham County Sheriff's Office
## CERTIFICATE OF SERVICE

MASS Middlesex (Massachusetts) Court
County of Rockingham State of New Hampshire

| | |
|---|---|
| Rizzari Construction<br><br>vs.<br><br>Todd Miller | Docket Number:  05-0524L<br>Sheriff File Number:  05001747 |

I, Deputy Sheriff Wayne Partington, Badge # 51 of the Rockingham County Sheriff's Department, Rockingham County, New Hampshire, certify and affirm that on 2/22/2005 at approximately 09:40 am, at 49 N High St, Granite Industrial Gases Inc Derry, NH 03038  served the within OOS Summons&Complaint upon Todd Miller , the defendant named herein, in the following manner.

PERSONAL SERVICE

By delivering to and leaving with Todd Miller  personally a true copy thereof, said person being known or identified to me as the person mentioned and described therein

Dated:  February 22, 2005

SUSAN J. HOWARD
MY COMMISSION EXPIRES JULY 28, 2009
NOTARY PUBLIC
NEW HAMPSHIRE

Wayne Partington
Deputy Sheriff

51
Badge Number

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS
                                    SUPERIOR COURT DEPARTMENT
                                    LOWELL DIVISION
                                    DOCKET #:

                                                    05-0524

RIZZARI CONSTRUCTION,          )
                 Plaintiff     )
v.                             )        **COMPLAINT**
                               )
GRANITE INDUSTRIAL GASES       )
INC., and TODD MILLER,         )
individually                   )
                 Defendantss   )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE...

FEB 14 2005

CLERK

### INTRODUCTION

Plaintiff brings this civil action for Defendants's failure to pay Plaintiff contractor

for construction, installation of heating and sprinkler system, and electrical work

provided on or about November 2001.  The outstanding cost is $101,450.00, plus interest,

costs, and attorney's fees.  Plaintiff asserts the following claims: Breach of Contract,

Quantum Meruit, Fraud/Deceit, G.L. c. 93A Violations and Unjust Enrichment.

### PARTIES

1.   The Plaintiff, Rizzari Construction owned and operated by Michael Rizzari, is

     a sole proprietorship, whose address at relevant times was 142 Methuen

     Street, Lowell, MA 01850.

2.   The Defendants, Granite Industrial Gases Inc., is upon information and belief,

     a duly organized New Hampshire corporation whose address is 49 North High

     Street, Derry, NH 03038.

4556E000002/14/05CIVIL        240.0
4556E000002/14/05SUR CHARGE    15.0
4556E000002/14/05SUMMONS        5.0
4556E000002/14/05SECC          20.0

3.    The Defendants, Todd Miller, is upon information and belief an individual

person, whose only known address is 49 North High Street, Derry, NH 03038.

## FACTS

4.    On September 10, 2001 Defendantss enlisted the services of Plaintiff for

construction and installation of heating and sprinkler system.

5.    On September 10, 2001 Plaintiff quoted Defendantss $101,450.00 for

completion of work as follows: relocate support findings $1,550.00, electrical

work $48,300.00, heating system $13,600.00, sprinkler system $38,000.00.

6.    The agreed payments made by Defendants to Plaintiff for work completed

were scheduled as follows: $33,000.00 upon commencement of work,

$33,000.00 upon completion of column and electrical work, and $35,800.00

upon receipt of occupancy permit.

7.    On November 15, 2001, Todd Miller, executed a contract accepting Plaintiff's

quote, work description, and payment schedule.

8.    On or about May 1, 2002 the work was completed in a professional and

workmanlike manner and Defendants acknowledged its satisfactory

completion.

9.    The previously agreed fee of $101,450.00 is past due.

10.    No payments have been made on the balance.  Granite has refused all

demands for payment on the outstanding balance.

## COUNT I
(Breach of Contract)

11.    Plaintiff realleges and incorporates by reference the allegations of paragraphs

1-10 above.

12.    The Defendants enlisted the services of the Plaintiff, requesting services in return for monetary compensation.

13.    The Plaintiff offered to provide construction, electrical work, and installation of a heater and sprinkler system in return for monetary compensation in a work order discussed with the Defendants.

14.    Defendants accepted those services for the fee that was discussed and included in the proposal.

15.    The Plaintiff did in fact provide such services at the rates discussed with the Defendants.

16.    The Defendants accepted those services and worked with the Plaintiff in completing the project.

17.    The Defendants have refused to pay for the said services.

18.    As a direct result of Defendants' failure to pay, Plaintiff suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars), plus interest, costs, and attorney's fees.

## COUNT II
### (Implied Contract)

19.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-18 above.

20.    The Plaintiff provided $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) worth of construction, electrical work and installation of a heating and sprinkler system to the Defendants.

21.    The Defendants requested that the Plaintiff provided said services, and was aware that said services were being provided in return for their fair market value and not gratuitously.

22.    The Plaintiff provided estimates of the value of the work which was eventually performed.  The Defendants accepted those estimates.

23.    At the time the work was done, all parties intended to create a contract for services.

24.    At the time the work was done, all parties had the apparent and actual authority to contract on behalf of their respective companies.

25.    As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interests, costs, and attorney's fees.

COUNT III
(Deceit/Fraud)

26.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-25 above.

27.    The Defendants falsely stated to the Plaintiff that the Defendants would compensate the Plaintiff for construction, electrical work, and installation of heating and sprinkler systems.

28.    The Defendants had knowledge of the falsity of its statement or have acted with reckless indifference to the truth.

29.    The Defendants intended to induce the Plaintiff's reliance on the misrepresentation.

30.    The Plaintiff's reliance on the Defendants' misrepresentation was justifiable as it was in the normal course of business, and the Defendants acknowledged the bill signing the offer sheet.

31.    As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interest, costs, and attorney's fees.

COUNT IV
(Chapter 93A §§ 2 and 11)

32.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-31 above.

33.    The Defendants has engaged in unfair and deceptive acts and practices in conducting its business, to wit, the Defendants enlisted the Plaintiff to provide construction, electrical work, and installation of a heating and sprinkler system to its business without intending to pay for the full value of those services.

34.    The Defendants' failure to pay is willing and with knowledge.

35.    As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interest, costs, attorney's fees which amount should be tripled for the Defendants' egregious violation of G.L. c. 93A §§ 2 and 11 to $304,350.00 (Three Hundred Four Thousand, Three Hundred Fifty Dollars).

COUNT V
(Equity/Unjust Enrichment)

36.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-35 above.

37.   The Plaintiff provided $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) worth of construction, electrical work, and installation of a heater and sprinkler system to the Defendants.

38.   The Defendants requested that the Plaintiff provide said services, and were aware that said services were being provided in return for fair market value and not gratuitously.

39.   The Plaintiff provided estimates of the value of the work which was eventually performed.  Those estimates were accepted by the Defendants pursuant to their signature offer sheet.

40.   At the time the work was done, all parties intended to create a contract for services.

41.   At the time the work was done, all parties had the apparent and actual authority to contract on behalf of their respective companies.

42.   The Defendants would be unjustly enriched if they were not required to compensate the Plaintiff for its services.

43.   As a direct result of the Defendants' refusal to pay, Plaintiff has suffered damages in the amount of $101,450.00 (One Hundred and One Thousand, Four Hundred Fifty Dollars) plus interest, costs, and attorney's fees.


**WHEREFORE**, THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

(1) Award on Count I, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(2) Award on Count I, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(3) Award on Count II, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(4) Award on Count II, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(5) Award on Count III, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(6) Award on Count III, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(7) Award on Count IV, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) with said amount to be trebled to for an additional $202,900.00 (Two Hundred Two Thousand Nine Hundred Dollars) plus interest, costs, and attorney's fees.

(8) Award on Count IV, judgment to Rizzari Construction and against Todd Miller in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) with said amount to be trebled to for an additional $202,900.00 (Two Hundred Two Thousand Nine Hundred Dollars) plus interest, costs, and attorney's fees.

(9) Award on Count V, judgment to Rizzari Construction and against Granite Industrial Gas, Inc. in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(10) Award on Count V, judgment to Rizzari Construction and against Todd Miller, in the amount of actual damages of $101,450.00 (One Hundred and One Thousand, Four Hundred and Fifty Dollars) plus interest, costs, and attorney's fees.

(11) Award such other and further relief to Rizzari Construction as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues properly triable to a jury.

Rizzari Construction,
By its attorney,

Richard P. Heartquist
200 Sutton Street
Suite #244
North Andover, MA 01845
(978) 687-6664
BBO#

MAS-20040909
houle

Case 1:05-cv-10434-GAO   Document 12   Filed 03/18/2005   Page 15 of 15

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

03/15/2005
09:56 AM

## MICV2005-00524

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 02/14/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 03/11/2005 | **Session** | L - Cv time-stan 1 (Lowell) | | | |
| **Origin** | 1 | **Case Type** | A12 - Construction dispute | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 05/15/2005 | **Answer** | 07/14/2005 | **Rule12/19/20** | 07/14/2005 |
| **Rule 15** | 05/10/2006 | **Discovery** | 04/05/2007 | **Rule 56** | 06/04/2007 |
| **Final PTC** | 10/02/2007 | **Disposition** | 02/14/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Rizzari Construction
Active 02/14/2005

**Private Counsel 564451**
Richard P Heartquist
200 Sutton Street
Suite 244
North Andover, MA 01845
Phone: 978-687-6664
Fax:
Active 02/14/2005 Notify

**Defendant**
Granite Industrial Gases Inc.
49 North High Street
Derry, NH 03038
Served: 03/02/2005
Served (answr pending) 03/02/2005

**Private Counsel 652398**
Timothy E Bray
Taylor Duane Barton & Gilman
111 Devonshire Street
5th floor
Boston, MA 02109
Phone: 617-654-8208
Fax: 617-482-5350
Active 03/11/2005 Notify

**Defendant**
Todd  Miller
49 North High Street
Derry, NH 03038
Service pending 02/14/2005