UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10434-GAO

RIZZARI CONSTRUCTION,
Plaintiff,

v.

GRANITE INDUSTRIAL GASES, INC. and TODD MILLER, individually,
Defendants.

OPINION AND ORDER
July 2, 2009

O'TOOLE, D.J.

For purposes of the defendants' motion for summary judgment, one central fact appears to be undisputed: the parties agree that the Michael Rizzari ("Rizzari"), who apparently owns and operates the plaintiff, Rizzari Construction, as a sole proprietorship, performed work for and received regular paychecks and health benefits from the defendants, Granite Industrial Gases, Inc. ("Granite") and Todd Miller ("Miller"), at some time in the past. The exact dates and all other aspects of their relationship appear to be contested.

According to Rizzari, Granite fired its general contractor overseeing the expansion of its facility in Derry, New Hampshire in 2001. Rizzari alleges that Miller, the President of Granite, hired him as a replacement contractor and that both parties signed a written contract providing for construction, electrical work, and the installation of sprinkler and heating systems. Rizzari characterizes himself as an independent contractor on this project because he brought his own equipment to the site, drafted the plans himself, hired sub-contractors, and maintained an irregular

schedule. The defendants, according to Rizzari, breached this contract by failing to pay one-third of the fees promised under the contract.

On the other hand, Granite contends that Rizzari was employed as a wage-earning hourly employee, and that when he asked for more hours in 2001, he was assigned additional projects related to the expansion of its Derry facility. Granite further claims that Miller's purported signature on the alleged contract is a forgery and that no contract was made with Rizzari. At all times relevant to this case, Granite maintains that Rizzari was an employee, not an independent contractor and that Rizzari's employment ended in 2002.

The merits of all claims against Granite depend on the resolution of disputed facts, and Granite's Motion for Summary Judgment (dkt. no. 28) is therefore DENIED.[1]

To the extent that the plaintiff has any meritorious claims, the claims, on his own allegations, are against the corporate defendant, not Miller as an individual. To the extent that a misrepresentation claim could conceivably be asserted against Miller as an individual, rather than as an agent of the corporation, the summary judgment record is insufficient to raise a triable claim. Accordingly, Miller's Motion for Summary Judgment (dkt. no. 28) on all counts is GRANTED.

On April 16, 2009, the clerk requested redaction of documents filed by the defendants to remove from the public record personal identifiers pursuant to this Court's General Order 09-1. No

---

[1] In lieu of summary judgment on the merits, the defendants move for summary judgment in their favor because the plaintiff failed to file a timely opposition and the Court erred in granting the plaintiff's Motion to Expand Time to Answer Defendant's Summary Judgment Motion (dkt. no. 31) before the defendants opposed. The defendants' opposition is construed as a motion for reconsideration and is denied. The decision to grant an extension of time falls solely within the discretion of the Court. See Perez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 351, 533-34 (1st Cir. 2006). Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may, for good cause, extend the time to respond on a motion "made after the time has expired if the party failed to act because of excusable neglect." Here, the financial constraints and physical illness of the plaintiff constitute excusable neglect so as to excuse the late filing.

2

response has been received. Accordingly, pursuant to Local Rule 5.3, Exhibits C and D to Granite's Memorandum in Support of its Motion for Summary Judgment (dkt. no. 29) and Exhibit A to Miller's affidavit (dkt. no. 30) are STRICKEN.

It is SO ORDERED.

                                                  /s/ George A. O'Toole, Jr.
                                                  United States District Judge